IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alvaro Carillo-Rodriguez,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 16-08075-PCT-GMS (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:**

Petitioner Alvaro Carillo-Rodriguez ("Petitioner" or "Carillo-Rodriguez") filed a timely amended pro se petition for habeas corpus ("Petition") (Docs. 6, 8). District Judge Snow ordered Respondents to answer the Petition (Doc. 9), noting that the issues in the Petition have not been exhausted (Doc. 9 at p. 2-3). Respondents answered (Doc. 13) stating that they waive the exhaustion requirement and asserting that the Petition's state law claims are not colorable and the Petition should be dismissed with prejudice on that basis. The time for reply passed without a reply being filed. For the reasons below, it is recommended that the Petition be denied and dismissed with prejudice.

**I.    The Petition Raises No Cognizable Federal Claim**

While the Petition is unexhausted, Respondents expressly "waive the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3)" (Doc. 13 at p. 2). Respondents do so "[a]s a matter of economy and expediency" because "it is perfectly clear that the claims are not colorable, and thus, the habeas petition should be dismissed with prejudice on that basis.

*See* 28 U.S.C. § 2254(b)(2); *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Murray (Roger) v. Schriro*, 746 F.3d 418, 447 (9th Cir. 2014)" (*Id.*).

The Petition is focused solely whether the Arizona Department of Corrections time credit calculation for his two sentences, one from a Maricopa County case and another from a Yavapai County case, is correct in light of the sentences and court orders in those cases (Docs. 6, 8). The Maricopa County sentence preceded the Yavapai County sentence (Doc. 8 at p. 8-12, p. 13-16). The Yavapai County court has rejected Petitioner's claims (Doc. 8 at p. 27-28).

The Petition is identifies two grounds for relief, but does not allege any violation of federal law (Doc. 6 at p. 6-7). Instead, the Petition requests this Court to overrule the Yavapai County state court decisions regarding presentence credit under state law for the time Petitioner spent in custody in the Maricopa County case. A federal court may only consider a petition for writ of habeas corpus if the petitioner alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam) ("A habeas petition must allege the petitioner's detention violates the constitution, a federal statute, or a treaty.") "[F]ederal habeas corpus does not lie for errors of state law." *Estelle*, 502 U.S. at 67;

Moreover, there is no federal constitutional right to presentence incarceration credit. *Lewis v. Cardwell,* 609 F.2d 926, 928 (9th Cir. 1979) (quoting *Gray v. Warden of Montana State Prison,* 523 F.2d 989, 990 (9th Cir. 1975) (stating that "[t]he origin of the modern concept of pre-conviction jail time credit upon the term of the ultimate sentence of imprisonment is of legislative grace and not a constitutional guarantee.")); *see also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("[t]he decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus"). Thus, the Court finds that the Petition's grounds are not cognizable in this

- 2 -

proceeding. Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 6) be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 9th day of January, 2017.

Honorable Deborah M. Fine
United States Magistrate Judge

- 3 -